IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

FILED
JAMES BONINI
CLERK

2004 JUL -6 A 8:31

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| KATHY FOUSE<br>5268 Inah Court South<br>Columbus, Ohio 43228-2610 | |
| PLAINTIFF, | CASE NO. C2-04-00556 |
| | JUDGE SMITH |
| v. | MAGISTRATE JUDGE |
| JOHN E. POTTER, POSTMASTER<br>GENERAL, U.S, POSTAL SERVICE<br>AGENCY<br>   AGENT FOR SERVICE<br>   Gregory G. Lockhart<br>   US Attorney<br>   303 Marconi Boulevard, Suite 200<br>   Columbus, Ohio 42315 | |
| DEFENDANT. | |

## FIRST AMENDED COMPLAINT
(Jury Demand Endorsed Hereon)

### JURISDICTION

1. Pursuant to 28 U.S.C. §1331, jurisdiction is proper in this Court as Plaintiff is alleging violations of the Title VII of the Civil Rights Act of 1964, as amended (1991), 42 U.S.C. 2000e, *et seq.* For all other claims, this Court has supplemental jurisdiction under 28 U.S.C. §1367, as the other claims are inextricably tied to the federal claims.

2. All events that give rise to the present cause of action took place within the Southern District of Ohio, Eastern Division.

### FACTS

3. Plaintiff, a female African-American was employed by Defendant as a transitional letter carrier at the U.S. Post Office, West Worthington branch in Columbus, Ohio. On June 24, 2000, Plaintiff was on her delivery route using the Agency supplied motor vehicle. Plaintiff's vehicle struck a stationary pole upon pulling out of an establishment that was a delivery stop for Plaintiff.

4. Plaintiff called the West Worthington station. Ms. Tracy Blackwell, supervisor, answered the telephone. Plaintiff asked to speak to Mr. Jeff Easley, supervisor of Customer Service. Plaintiff stated to Ms. Blackwell that she had a "mishap" with her truck.

5. Plaintiff drove back to the station, went inside and found Blackwell and the two walked out to the truck together. Blackwell sent Plaintiff out to finish her route. Plaintiff returned to find Mr. Easley, supervisor, waiting to speak to her. Easley told Plaintiff to write a statement as to what happened, clock out, and to not return to work until she heard from him.

6. Shortly thereafter, Defendant terminated Plaintiff for allegedly "not reporting an accident."

7. Similarly situated white individuals have had accidents and not reported them and have not been terminated. Prior to terminating Plaintiff, Defendant was aware of the similarly situated white employee's accidents.

8. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and an appeal and has received her right to sue, which is attached.

**COUNT I**

9. Plaintiff hereby incorporates paragraphs 1 through 8 as if fully restated herein.

10. Plaintiff is African American, a member of a protected class under Federal law.

11. Plaintiff was terminated for "not reporting an accident" while similarly situated white letter carriers were not terminated for the same infraction.

12. Plaintiff has stated a cause of action for race discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended (1991), 42 U.S.C. 2000e, *et seq.*

**WHEREFORE,** Plaintiff, respectfully requests that this Court order the following judgment against the Defendant:

1. Compensatory damages of $100,000 on each count, including back pay and front pay;

2. Plaintiff's costs, both pre-judgment and post-judgment interest, attorney fees, injunctive relief, and any other relief this Court may find just and equitable.

**RESPECTFULLY SUBMITTED,**

Nicholas E. Kennedy (0070310)
KENNEDY&KNOLL
*Attorneys and Counselors at Law*
3040 Riverside Drive, Suite 103
Columbus, Ohio 43221
(614) 488-1161
(614) 488-5003 (facsimile)
Trial Attorney for Plaintiff

## JURY DEMAND

Plaintiff hereby demands trial by jury in all matters triable to a jury.

RESPECTFULLY SUBMITTED,

Nicholas E. Kennedy (0070310)
KENNEDY & KNOLL
Attorneys and Counselors at Law



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 19848
Washington, D.C. 20036

Kathy Fouse,
Complainant,

v.

John E. Potter,
Postmaster General,
United States Postal Service,
Agency.

Appeal No. 01A30444

Agency No. 4C-430-0085-00
Hearing No. 220-A1-5255x

### DECISION

Pursuant to 29 C.F.R. § 1614.405, the Commission accepts the complainant's appeal from the agency's final decision in the above-entitled matter. Complainant claimed discrimination based on race (black) and sex, when she was terminated from her position as a transitional letter carrier. After a review of the record in its entirety, including consideration of all statements submitted on appeal, it is the decision of the Equal Employment Opportunity Commission to affirm the agency's final decision, the Administrative Judge's ultimate finding, that unlawful employment discrimination was not proven by a preponderance of the evidence, is supported by the record.[1]

---

[1] To establish a *prima facie* case of discrimination, a complainant need only present evidence which, if unrebutted, would support an inference that the agency's actions resulted from discrimination. *See O'Connor v. Consolidated Coin Caters Corp.*, 116 S.Ct. 1307 (1996); *Enforcement Guidance on O'Connor v. Consolidated Coin Caters Corp.*, EEOC Notice No. 915.002, n. 4 (September 18, 1996). Nevertheless, even assuming that complainant established a *prima facie* case of race and sex discrimination, the record fails to show that the actions at issue were in any way related to those bases.

2                                                                                                   01A30444

## STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant or the agency submits a written request containing arguments or evidence which tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of Federal Operations (OFO) within thirty (30) calendar days of receipt of this decision or within twenty (20) calendar days of receipt of another party's timely request for reconsideration. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999). All requests and arguments must be submitted to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036. In the absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is received by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604. The request or opposition must also include proof of service on the other party.

Failure to file within the time period will result in dismissal of your request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. Any supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.

3                                                                        01A30444

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). The grant or denial of the request is within the sole discretion of the Court. Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

*[signature]*

Carlton M. Hadden, Director
Office of Federal Operations

MAR 2 8 2004

Date

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on:

MAR 2 8 2004

Date

*[signature]*

Equal Opportunity Assistant