**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

KATHY FOUSE,

      Plaintiff,

  v.                                Case No. C2-04-556

JOHN E. POTTER, Postmaster General,    JUDGE SMITH
United States Postal Service                 MAGISTRATE JUDGE KING

      Defendant.

### ANSWER OF DEFENDANT

      COMES NOW Defendant, John E. Potter, Postmaster General, United States Postal Service, by and through the undersigned counsel, and for answer to Plaintiff's First Amended Complaint states as follows:

FIRST DEFENSE:

      1.      Paragraph one of Plaintiff's First Amended Complaint states the purported legal basis for jurisdiction over Plaintiff's claim and as such no answer is required.  To the extent that these allegations may be deemed to set forth allegations of fact, they are denied.

      2.      Paragraph two of Plaintiff's First Amended Complaint states the purported legal basis for venue and as such no answer is required. To the extent that these allegations may be deemed to set forth allegations of fact, they are denied.

      3.      Admits that Plaintiff is a female, African-American who was employed by Defendant as a transitional letter carrier.  Admits the allegations in the second sentence.  Admits only that on June 24, 2000, Plaintiff had a motor vehicle accident while delivering mail.  Defendant denies the remaining allegations contained in the third sentence of Plaintiff's First

Amended Complaint.  Defendant denies the remaining allegations contained in paragraph three of Plaintiff's First Amended Complaint.

4. Admits only the first, second and third sentences of the paragraph four of Plaintiff's first Amended Complaint.  Defendant denies the remaining allegations contained in the fourth sentence of Plaintiff's First Amended Complaint.

5. Admits only that Plaintiff drove back to the station.  Defendant denies the remaining allegations contained in the first sentence of Plaintiff's First Amended Complaint. Admits to the second sentence of Plaintiff's First Amended Complaint.  Defendant denies the remaining allegations contained in the third and fourth sentence of Plaintiff's First Amended Complaint. Defendant denies the remaining allegations contained in paragraph five of Plaintiff's First Amended Complaint.

6. Admits only that Defendant removed Plaintiff from her employment with Defendant. Defendant denies the remaining allegations contained in paragraph six of Plaintiff's First Amended Complaint.

7. Defendant avers that the allegations averred in paragraph seven of Plaintiff's First Amended Complaint state legal conclusions to which answer is neither necessary nor appropriate.  To the extent an answer is deemed required, Defendant denies the allegations contained in paragraph seven of Plaintiff's First Amended Complaint.

8. Defendant admits the allegations contained in paragraph eight of Plaintiff's First Amended Complaint.

9. As to paragraph nine of Plaintiff's First Amended Complaint, Defendant makes the same admissions, denials and/or statements of fact as stated in paragraphs one through eight above.

10. Defendant admits the allegations contained in paragraph ten of Plaintiff's First Amended Complaint.

11. Defendant avers that the allegations averred in paragraph eleven of Plaintiff's First Amended Complaint state legal conclusions to which answer is neither necessary nor appropriate. To the extent an answer is deemed required, Defendant denies the allegations contained in paragraph eleven of Plaintiff's First Amended Complaint.

12. Defendant avers that the allegations averred in paragraph twelve of Plaintiff's First Amended Complaint state legal conclusions to which answer is neither necessary nor appropriate. To the extent an answer is deemed required, Defendant denies the allegations contained in paragraph twelve of Plaintiff's First Amended Complaint.

13. Defendant avers that the allegations in paragraph one of the "Wherefore" clause of Plaintiff's First Amended Complaint consist of Plaintiff's prayer for relief to which answer is neither necessary nor appropriate.

14. Defendant avers that the allegations in paragraph one of the "Wherefore" clause of Plaintiff's First Amended Complaint consist of Plaintiff's prayer for relief to which answer is neither necessary nor appropriate.

15. Defendant denies each and every allegation of Plaintiff's First Amended Complaint not specifically admitted herein.

SECOND DEFENSE:

16. Defendant denies that Plaintiff is entitled to any relief whatsoever under any of her claims in the instant Complaint and specifically denies that Plaintiff is entitled to any relief

whatsoever under Title VII of the Civil Rights Act of 194, as amended, 42 U.S.C. § 2000e, et seq.

THIRD DEFENSE:

17. Some or all of the allegations contained in Plaintiff's First Amended Complaint fail to state a claim upon which relief can be granted with respect to the action.

FOURTH DEFENSE:

18. This Court may lack jurisdiction over all or some of Plaintiff's claims because she may have failed to timely exhaust his administrative remedies with respect to her claims.

FIFTH DEFENSE:

19. At all times referred to in Plaintiff's complaint, Defendant acted properly, in good faith and in accordance with its duties under the law.

SIXTH DEFENSE:

20. Defendant avers that any damage or loss which Plaintiff alleges in the complaint was proximately caused by the acts or omissions of other individuals and/or entities, jointly and severally, who are not presently named as parties in this action and not by any act or omission on the part of Defendant.

SEVENTH DEFENSE:

21. Plaintiff has failed to mitigate her claims, damages and/or losses, if any.

EIGHTH DEFENSE:

22. No identifiable policy or practice of discrimination exists.

NINTH DEFENSE:

23. If a policy or practice of discriminations exists, to which Defendant specifically denies, such policy is job-related and consistent with business necessity.

TENTH DEFENSE:

24. Plaintiff is not entitled to compensatory damages.

<u>ELEVENTH DEFENSE</u>:

     25.    Plaintiff's First Amended Complaint is barred on the basis of *res judicata*.

<u>TWELFTH DEFENSE</u>:

     26.    Plaintiff is not entitled to attorney's fees.

     WHEREFORE, Defendant respectfully prays that Plaintiff's First Amended Complaint be dismissed at her costs, and that Defendant recover its costs expended herein.

     Respectfully submitted,

     GREGORY G. LOCKHART
     United States Attorney

     s/Christopher R. Yates
     CHRISTOPHER R. YATES (0064776)
     Assistant United States Attorney
     Attorney for Defendant
     303 Marconi Boulevard, Suite 200
     Columbus, Ohio 43215

CERTIFICATE OF SERVICE

I hereby certify that on September 27th, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to counsel for Plaintiff, Nicholas E. Kennedy, Esq.

                                          s/Christopher R. Yates
                                          CHRISTOPHER R. YATES (0064776)
                                          Assistant United States Attorney

N:\\_ECF Workload\CYates\FouseAnswer.wpd