**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| KATHY FOUSE, | : | Case No. C2 04 00556 |
| | : | |
| Plaintiff, | : | JUDGE SMITH |
| | : | |
| v. | : | MAGISTRATE JUDGE KING |
| | : | |
| JOHN E. POTTER, Postmaster General, United States Postal Service | : : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF KATHY FOUSE'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff Kathy Fouse ("Fouse"), by and through counsel, and proffers this Memorandum in Opposition to Defendant's ("USPS") Motion for Summary Judgment.

**I.      Facts**

Fouse, a female African-American, was employed by Appellee as a transitional letter carrier at the U.S. Post Office, West Worthington Branch in Columbus, Ohio.  On June 24, 2000, Fouse was on her delivery route using the Agency supplied motor vehicle.  Exhibit 1, Affidavit of Kathy Fouse.  Fouse's vehicle struck a stationary pole upon pulling put of an establishment that was a delivery stop for Fouse.  Id.  Fouse telephoned the West Worthington Station.  Id.  Ms. Tracy Blackwell (hereinafter "Blackwell"), supervisor, answered the telephone.  Id.  Fouse asked to speak with Mr. Jeff Easley (hereinafter "Easley"), Supervisor of Customer Service.  Id.  Blackwell informed Fouse that Easley was not present.  Id.  Fouse stated to Blackwell that she had a "mishap" with

her truck. Id. Blackwell inquired as to Fouse's health and than instructed Fouse to return to the station. Id.

Fouse drove back to the station, went inside and found Blackwell and the two walked out to the truck together. Id. Outside, Fouse explained the entire mishap to Blackwell. Id. Blackwell retrieved a set of keys to another truck and sent Fouse back out to finish her route. Id. Fouse returned from her route to find Easley waiting to speak with her. Id. Easley, apparently aware of the accident, instructed Fouse to write a statement as to what happened, clock out, and to not return to work until she heard from him. Id.

Two days later, Easley telephoned Fouse and instructed her to return to work on June 27, 2000. Id. Fouse returned to work as instructed and was given mail-casing duties in lieu of the previous mail carrying responsibilities. Id. Fouse continued to work for the next several weeks casing mail. Id. During that time, Easley told Fouse that she would probably be sent to remedial driver training. Id.

On July 14, 2000, Ms. Kathy French (hereinafter "French"), station manager, returned from vacation. Id. Upon her return, French informed Fouse that she was terminated and presented Fouse with a letter of removal. Id. French and Easley signed the letter of removal as Fouse's supervisors. Exhibit 2. The letter of removal cited Fouse for a violation of "{s}ection 814.2 of the Employee and Labor Relations Manual." Id. The letter of removal further prescribes that "{i}t is the responsibility of *all employees* to immediately report any accident or injury in which they are involved o their supervisors." Id. (emphasis added). Easley and French charged Fouse with "Unsatisfactory Performance/Unsafe Act" as a result of the alleged unreported accident. Id. Mr. John

2

Barker, Manager of Customer Service, also signed the letter of removal.  Id.  Defendant then utilized Fouse's services for thirty (30) more days before the termination was final.  Exhibit 1.

Ms. Tina Tabor (hereinafter "Tabor"), a white female, was employed by Defendant during the same time as Fouse.  Id.  Tabor delivered mail as a part-time flexible or "PTF."  See Defendant's Motion for Summary Judgment at pg. 6.  As Fouse, Tabor worked at the West Worthington Branch and was supervised by Blackwell, Easley and French.  Exhibit 1.  Tabor, while delivering mail for Defendant, was involved in an accident wherein she drove a mail truck into a garbage can owned by a postal customer.  See Defendant's Motion for Summary Judgment at pg. 6 and fn 7.  Tabor did not report the accident to any of her supervisors and a few weeks the customer contacted the Defendant and informed them of the accident.  Id.  Tabor's punishment amounted to buying the customer a new trashcan.  Id. at pg. 6 and fn 8; Exhibit 3, Tabor's "employee Accident History."  Fouse, on the other hand, was terminated for allegedly not reporting her accident.

**II.     Argument**

          **A.  The summary judgment standard for Gale's age claim.**

Summary judgment is guided by the standard set forth in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986), *Celetox Corp. v. Catrett*, 477 U.S. 317, 322, (1986), and *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).  When determining summary judgment, this Court must consider all evidence in the light most favorable to the Plaintiff, as the non-moving party.  *Reeves v. Sanderson Plumbing Prods., Inc.*, 533 U.S. 133, 150 (2000).  However, in addition, the United States Supreme

Court has noted that when determining whether to grant summary judgment, a reviewing court must "*disregard all evidence favorable to the moving party that the jury is not required to believe.*" *Reeves*, 533 U.S. at 151. (emphasis added). Finally, the Court is also prohibited from making credibility determinations regarding such evidence. Id.

> **B. Fouse's race discrimination claim must be sustained because there are genuine disputes of material facts that would allow a reasonable jury to decide in Gale's favor.**

**1. Fouse can prove her *prima facie* case**

Fouse can show that (1) she was a member of a protected class; (2) she suffered an adverse employment action; and (3) she was qualified for the position from which she was discharged; and (4) she was treated differently than similarly situated, non protected employees. A plaintiff's burden under the *prima facie* case is "not designed to be onerous" and should be easily met. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *see also Wrenn v. Gould*, 808 F.2d 493, 500 (6th Cir. 1987).

Defendant does not dispute the first three prima facie elements of her race discrimination claim. See Defendant's Motion for Summary Judgment at pg. 10. Defendant argues summary judgment on the fourth element – that Fouse has not identified any similarly situated employees who received more favorable treatment. In doing so, Defendant mistakenly relies on *Mitchell v. Toledo Hospital*, 964 F.2d 577 (6th Cir. 1992). Defendant's characterization of the "similarly-situated" element of the *McDonnell Douglas* standard is flawed, in that one need not be perfectly aligned with another to meet the standard. Specifically, differences in the job activities previously performed by others alleged to have been treated differently "do not automatically constitute a meaningful distinction that explains the employer's differential treatment of

4

the two employees." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 353 (6th Cir. 1998). "Similarly-situated," for purposes of alleged disciplinary discharges, relates to whether the employees were bound by the <u>same duties, obligations and policies</u> for which the discharge allegedly occurred. *see Singfield v. Akron Metropolitan Housing Authority*, 389 F.3d 555, 562 (6th Cir. 2004) (emphasis added).

The only difference between Fouse and Tabor (other than their race) is that Fouse was employed as a Transitional City Carrier and Tabor was a Part-time Flexible Employee. Both delivered mail. Both were required to report an accident. Exhibit 4, Defendant's Responses to Plaintiff's Admissions at 8. The Defendant's rules and regulations applied equally to Fouse and Tabor. Id. at 9; Exhibit 5, Defendant's Responses to Plaintiff's First Set of Interrogatories at 7. The same persons supervised both. Exhibit 1; Defendant's Motion for Summary Judgment at pg. 6 and fn 7. Tabor is similarly situated to Fouse in "all relevant aspects." *Singfield v. Akron Metropolitan Housing Authority*, 389 F.3d 555, 562 (6th Cir. 2004) (quoting *Perry v. McGinnis*, 209 F.3d 597, 601 (6th Cir. 2000)). The "relevant aspect that makes Fouse and Tabor similarly situated is established in Defendant's own policies – its rules and regulations. Every employee was required to report an accident, but only Fouse was held to this reporting requirement. By receiving no discipline, Tabor was treated more favorably.[1] By demonstrating that a similarly situated employee was treated more favorably, Fouse has established the fourth element of her *prima facie* case.

## 2. Defendant's Reason for the Discharge of Fouse Lacks Legitimacy

---

[1] Defendant argues that Tabor was not similarly situated because she was a part-time flexible employee and therefore "protected by the requirement of 'progressive discipline.'" Defendant Motion for Summary Judgment at 4. This distinction is irrelevant as the rules and regulations applied to both Fouse and Tabor equally. In any event, Defendant did not apply the progressive disciplinary scheme against Tabor. Defendant's Motion for Summary Judgment at 19.

5

Once the *prima facie* case elements are established, to have a chance of prevailing on summary judgment, Defendant must then rebut the *prima facie* case by stating a legitimate non-discriminatory reason for Plaintiff's discharge. *Koval Dow Jones & Co.*, 86 Fed. Appx. 61, 66 (6th Cir 2004). Although Defendant attempts to rebut the *prima facie* case by alleging it terminated Fouse for several new reasons in its Motion for Summary Judgment, Defendant terminated Fouse "because of her failure to report an accident despite training and safety talks concerning the proper procedures for reporting motor vehicle accidents." Defendant's Motion for Summary Judgment at 23; Exhibit 5 at Interrogatory No. 5. This reason is pretextual, in that it lacks both truth and fairness, i.e. it is not a legitimate reason. If Plaintiff can prove the alleged legitimate non-discriminatory reason to be untrue or unfair, i.e. not legitimate, Plaintiff should regain the presumption of discrimination for purposes of rebutting a motion for summary judgment given by the *prima facie* case test. The United States Supreme Court's decision in *Furnco Constr. Corp. v. Waters* (1978), 438 U.S. 567, states in pertinent part:

> A prima facie case under *McDonnell Douglas* raises an inference of discrimination only because we presume these acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors....And we are willing to presume this largely because we know from our experience that more often than not people do not act in a totally arbitrary manner, without any underlying reasons, especially in a business setting.  Thus, **when all legitimate reasons for rejecting an applicant have been eliminated as possible reasons for the employer's actions, it is more likely than not the employer, who we generally assume acts with some reason, based his decision on an impermissible consideration**...(Emphasis added)

"An employer's articulation of a non-discriminatory basis for its actions does not cause employee's proffered evidence to disappear." *Gannon v. Narragansett Electric Co.* (R.I.D.C. 1991) 777 F. Supp. 167.  An employee need not necessarily offer affirmative

6

evidence of additional animus, in addition to rebutting the employer's evidence. *Connell v. Bank of Boston* (1991), 924 F. 2d 1169.

The courts have also set forth a logical premise by stating that the employee's burden of demonstrating the pretextual nature of the employer's reason for discharge must be linked to the strength of the employer's reason, i.e. if the employer's reason is "shaky" or "hard-to-swallow," the employee's burden should be lighter. *Mesnick v. General Electric* (1st Cir. 1991), 950 F. 2d 816. In fact, the employer's submission of a discredited reason for the discharge is itself evidence that may persuade a factfinder that discrimination occurred, which frees the employee from also having to prove intentional discrimination independently. *MacDissi v. Valmont Industries* (8th Cir. 1988), 856 F. 2d 1054; *Brieck v. Harbison-Walker* (3rd Cir. 1987), 705 F. Supp. 269.

As to the given reason for discharge, Fouse provides that she called in, spoke to her supervisor, informed her of the mishap, and indicated it was causing a problem with the function of the door – she reported the accident. Further, Defendant argues "the only relevant fact is what her supervisors believed." Defendant's Motion for Summary Judgment at 23. Certainly, if that is true, then summary judgment is not appropriate as it is a question of material fact for the jury to decide what "her supervisors believed."

### III. Conclusion

Plaintiff has established sufficient facts and material questions of fact to entitle her to a jury trial. Defendant's Motion for Summary Judgment must be DENIED.


RESPECTFULLY SUBMITTED,

s/ Nicholas E. Kennedy
Nicholas E. Kennedy (0070310)
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
614-228-2050 (telephone)
614-228-3320 (fax)
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that:

Christopher R. Yates, Esq.
Assistant United States Attorney
303 Marconi Boulevard, Suite 200
Columbus, Ohio 43215

was (were) served an authentic copy of the foregoing document via electronic filing on this the 8th day of December, 2005.

s/ Nicholas E. Kennedy
Nicholas E. Kennedy (0070310)