IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KATHY FOUSE, | : Case No. C2-04-00556 |
| Plaintiff, | : JUDGE SMITH |
| v. | : MAGISTRATE JUDGE KING |
| JOHN E. POTTER, Postmaster General, United States Postal Service | : |
| Defendant. | : |

## FEDERAL DEFENDANT'S RESPONSES TO PLAINTIFF'S REQUEST FOR ADMISSIONS

NOW comes defendant, John E. Potter, Postmaster General, by way of answer to Plaintiff's Request for Admissions as follows:

I. **GENERAL OBJECTIONS**

These general objections apply to each Request for Admissions as though restated in full in Defendant's responses to each Request for Admissions.

1. Defendant objects to any and all of Plaintiff's Request for Admissions to the extent that they seek information protected from disclosure by the attorney/client, attorney work product deliberative process,

2. Defendant objects to any and all of Plaintiff's Request for Admissions to the extent that they seek disclosure of the mental impressions, conclusions, opinions, legal research and legal theories of counsel.


EXHIBIT 4

  3. Defendant objects to any and all of Plaintiff's Request for Admissions to the extent that they seek to discover the manner or method of proof at trial.

  4. Defendant objects to any and all of Plaintiff's Request for Admissions to the extent that they seek information, which is irrelevant, overbroad, unduly burdensome to produce, or not reasonably calculated to lead to the discovery of admissible evidence.

  5. Defendant objects to any and all of Plaintiff's Request for Admissions to the extent that they seek information which is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a.

## II. CONDITIONS

  1. These responses are made without in any way waiving or intending to waive, but on the contrary, intending to preserve:

   a) All objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

   b) The right to object to the use of any information which may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

   c) The right to object on any ground at any time to further discovery proceedings involving or relating to the subject matter of Plaintiff's Request for Admissions; and

    d)  The right at any time to revise, correct, supplement, clarify or amend these responses in accordance with the Federal Rules of Civil Procedure.

   2.  All responses to Plaintiff's Request for Admissions are based on Defendant's best understanding of the Requests and/or the terms used therein. Such responses cannot properly be used as evidence except in the context in which the Defendant understood the Requests for Admissions and/or the terms used therein.

   3.  These responses are not a representation or concession as to the relevance and/or relationship of the information to this action.

## III.  ANSWERS TO REQUEST FOR ADMISSIONS

   1.  That Tina Tabor had a preventable accident and was not terminated.

**RESPONSE:**
Denied. Manager French was not aware that Ms. Tabor ran over a trash can which did not cause any damage to the vehicle, contrary to Plaintiff's accident which caused damage to her vehicle. Additionally, Ms. Tabor was a part-time carrier, not an NTE, as was the Plaintiff.

   2.  That Tina Tabor had an accident which she did not report and was not terminated.

**RESPONSE:**
Denied.

   3.  That Paul Scheer had a preventable accident and was not terminated.

**RESPONSE:**
Denied. Mr. Scheer had an accident while he was employed with the Postal Service as a casual employee. He immediately reported the accident to his supervisor, an investigation was conducted at the scene, and no discipline was issued nor was it

3

necessary to terminate Mr. Scheer.

    4.    That Anthony Ratliff had a preventable accident and was not terminated.

**RESPONSE:**

Denied. Mr. Ratliff had an accident while he was employed with the Postal Service as a NTE employee. He immediately reported the accident to his supervisor, an investigation was conducted at the scene, and no discipline was issued; nor was it necessary to terminate Mr. Ratliff.

    5.    That Tina Tabor is not African American.

**RESPONSE:**

Admitted.

    6.    That Paul Scheer is not African American.

**RESPONSE:**

Admitted.

    7.    That Anthony Ratliff is not African American.

**RESPONSE:**

Admitted.

8. That Plaintiff and Tina Tabor were both required to report an accident.

**RESPONSE:**

Admitted.

9. That the requirements for not having a preventable accident applied equally to all those who drive for the USPS.

**RESPONSE:**

Denied as the question cannot be answered as posed. However, it is admitted that the agency's rules and regulations apply equally to all employees.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

CHRISTOPHER R. YATES (0064776)
Assistant United States Attorney
Attorney for Defendant
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5240
Christopher.Yates @usdoj.gov

## CERTIFICATE OF SERVICE

I certify that a copy of this document was sent by first class mail on the 15th day of March, 2005 to Nicholas E. Kennedy, Esq., Kennedy & Knoll, 98 Hamilton Park, Columbus, Ohio 43203.

Christopher R. Yates
Assistant United States Attorney