IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KATHY FOUSE, | : Case No. C2-04-00556 |
| Plaintiff, | : |
| v. | : JUDGE SMITH |
| | : MAGISTRATE JUDGE KING |
| JOHN E. POTTER, Postmaster General, United States Postal Service | : |
| Defendant. | : |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

The United States Postal Service, the Agency in this matter, hereby answers Plaintiff's First Set of Interrogatories and Request for Production of Documents as follows:

I. **GENERAL OBJECTIONS**

These general objections apply to each Interrogatory and Request for Production as though restated in full in the Agency's responses to each Interrogatory and Request:

1. The Agency objects to any and all Interrogatories and Requests for Production to the extent that they seek information protected from disclosure by the attorney/client, attorney work product, deliberative process, or any other applicable privilege.


EXHIBIT 5

2. The Agency objects to any and all Interrogatories and Requests for Production to the extent that they seek disclosure of the mental impressions, conclusions, opinions, legal research and legal theories of counsel.

3. The Agency objects to any and all Interrogatories and Requests for Production to the extent that they seek to discover the manner or method of proof at trial.

4. The Agency objects to any and all Interrogatories and Requests for Production to the extent that they seek information which is irrelevant, overbroad, unduly burdensome to produce, or not reasonably calculated to lead to the discovery of admissible evidence.

5. The Agency objects to any and all Interrogatories and Requests for Production to the extent that they seek information which is protected by the provisions of the Privacy Act, 5 U.S.C. § 552a.

II. **CONDITIONS**

1. This response is made without in any way waiving or intending to waive, but on the contrary, intending to preserve:

a) All objections as to competency, relevancy, materiality, privilege and admissibility as evidence for any purpose in subsequent proceedings or the trial of this or any other actions;

b) The right to object to the use of any information which may be provided, or the subject matter thereof, in any subsequent proceedings or the trial of this or any other action on any other grounds;

    c) The right to object on any ground at any time to further discovery proceedings involving or relating to the subject matter of these Interrogatories and/or Requests for Production; and

    d) The right at any time to revise, correct, supplement, clarify or amend this response in accordance with the Federal Rules of Civil Procedure.

  2. All responses to Interrogatories and Requests for Production are based on the Agency's best understanding of the Interrogatories and/or the terms used therein. Such responses cannot properly be used as evidence except in the context in which the Agency understood the Interrogatories and Requests for Production and/or the terms used therein.

  3. These responses are not a representation or concession as to the relevance and/or relationship of the information to this action.

## III.  RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1.** Please state the individual(s) who responded on behalf of the Defendant in providing documents in response to Plaintiff's document requests below.

**RESPONSE:**

  Marva M. Haye
  Paralegal Specialist
  United States Postal Service Law Dept.
  615 Chestnut Street
  Philadelphia, PA 19106

3

**INTERROGATORY NO. 2.** Please state the individual(s) who responded on behalf of the Defendant in answering Plaintiff's Interrogatories.

**RESPONSE:**

See response to Interrogatory No. 1.

**INTERROGATORY NO. 3.** Please state the individual(s) who responded on behalf of the Defendant in answering Plaintiff's Admissions.

**RESPONSE:**

See response to Interrogatory No. 1.

**INTERROGATORY NO. 4.** Please state the name, address, and nature of anticipated testimony of any expert witness Defendant intends to call at trial.

**RESPONSE:**

Defendant has not yet made a determination as to what if any expert witness (es) it will introduce at trial.

**INTERROGATORY NO. 5.** List each and every reason why Defendant terminated Plaintiff. For each such person involved in the decision to terminate Plaintiff, list the name, residence and work address, home telephone number, position held at the time of termination, and the involvement each individual had in the termination of Plaintiff.

**RESPONSE:**

Objection. This Interrogatory calls for a narrative response and is better suited for a deposition(s).

_____
Christopher R. Yates, Counsel for Defendants

Without waiving said Objection, Defendants offer the following, limited response: Plaintiff was terminated because of her failure to report an accident despite training and safety talks concerning the proper procedures for reporting motor vehicle accidents.

4

**INTERROGATORY NO. 6.** List each and every employee, other than Plaintiff, that Defendant disciplined during the years 1998 through present for the same reason that it terminated Plaintiff and/or for having a preventable accident and/or failing to report an accident. For each such employee disciplined state the person(s) involved in the decision to discipline, the actual discipline given, reason for discipline, date of incident that led to discipline, the position of the employee receiving the discipline, the disciplined employee's residence and work address, home telephone number, and race.

**RESPONSE:**

Objection. This Interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. Furthermore, some of the information requested falls within the guidelines of the Privacy Act.

_____
Christopher R. Yates, Counsel for Defendants

Without waiving said Objection, employee Ratliff was in an accident but he reported it in a timely manner. Employee Pence was involved in an industrial accident which happened indoors. Employee West was involved in a vehicle accident and was issued a five-day suspension for unsatisfactory performance.

**INTERROGATORY NO. 7.** State specifically whether the policy that Defendant alleges Plaintiff failed to adhere to and was the reason for her termination applies equally to all employees of Defendant.

**RESPONSE:**

    Yes.

**INTERROGATORY NO. 8.** Please identify each and every individual believed to have information regarding this matter and the substance of his or her expected knowledge.

**RESPONSE:**

    Ms. Kathy French, Manager    Mr. Jeff Eesley, A/Supvr. Cust. Service

    Ms. Tracy Blackwell, Supervisor    Mr. John Barker, Mang. Cust. Service

    Ms. Maggie Grove, Supervisor

5

**INTERROGATORY NO. 9.** Specifically detail why Defendant believes that Plaintiff has failed to timely exhaust his (sic) remedies, as delineated in its Fourth Defense.

**RESPONSE:**

Defendant's have made said defense so as avoid waiving same and anticipate that information supporting or refuting this defense will be disclosed has discovery progresses in this action.

**INTERROGATORY NO. 10.** List the name, telephone number, and address of each and every person who has provided a statement, either oral or written, which relates to the claims and/or defenses of this action.

**RESPONSE:**

See the EEO Report of Investigation. See attached Statements and Notes of Testimony from EEOC Case No. 220-A1-5255X hearing held on July 17, 2002.

**INTERROGATORY NO. 11.** Please identify each and every document that Defendant intends to use at trial of this matter.

**RESPONSE:**

Defendant has not yet made a determination as to what, if any, exhibit (s) it will introduce at trial.

**INTERROGATORY NO. 12.** Explain in detail why Plaintiff was not demoted, laid off, transferred, or offered another position rather than terminated.

**RESPONSE:**

Objection. This Interrogatory calls for a narrative response and is better suited for a deposition(s).

_____
Christopher R. Yates, Counsel for Defendants

Without waiving said Objection, Defendants offer the following, limited response: According to the 4-Appendix:TE Award NALC-USPS Joint Contract Administration Manual (September 2000), Article 15 at Section 10, states that a transitional employee are temporary N.T.E.(not to exceed) employees who may be terminated at any time prior to completion of the 359-day term as provided in paragraph 11 or as otherwise required by this Award. Article 15 at Section 11, states that Transitional employees may

6

be separated at any time upon completion of their assignment or for lack of work.......
Transitional employees may be otherwise removed for just cause.

Plaintiff was called back to work as a flat sorter operator and testified at the EEOC hearing that she worked as a flat sorter operator until the position was abolished.

**INTERROGATORY NO. 13.** Please list the dates and reasons for any warnings, reprimands, or other types of disciplinary action taken against Plaintiff during her employment with Defendant.

**RESPONSE:**

Not applicable.

**INTERROGATORY NO. 14.** Please list any employee who has filed a grievance, charge of discrimination, incident report, lawsuit, or any other type of complaint against Defendant in the past five (5) years for race discrimination. For each such employee include the nature of the complaint, their residence address and telephone number.

**RESPONSE:**

Objection. This Interrogatory is overly broad, unduly burdensome and not reasonably calculated to lead to discovery of admissible evidence. Furthermore, some of the information requested falls within the guidelines of the Privacy Act.

_____
Christopher R. Yates, Counsel for Defendants

**INTERROGATORY NO. 15** Specifically detail why Defendant believes in good faith that Plaintiff has failed to join necessary parties, and what parties specifically, as delineated in its Sixth Defense.

**RESPONSE:**

Defendant's have made said defense so as avoid waiving same and anticipate that information supporting or refuting this defense will be disclosed has discovery progresses in this action.

7

**INTERROGATORY NO. 16.** Specifically detail what information Defendant has to assert that Plaintiff has failed to mitigate her damages, as delineated in its Seventh Defense.

**RESPONSE:**

Defendant's have made said defense so as avoid waiving same and anticipate that information supporting or refuting this defense will be disclosed has discovery progresses in this action.

**INTERROGATORY NO. 17.** Specifically detail why Defendant believes that Plaintiff's Complaint is barred by *res judicata,* as delineated in its Eleventh Defense.

**RESPONSE:**

Defendant's have made said defense so as avoid waiving same and anticipate that information supporting or refuting this defense will be disclosed has discovery progresses in this action.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Produce all documents constituting, showing, explaining, or otherwise referring to the personnel file or any other such employment file kept regarding Plaintiff:

**RESPONSE:**

Plaintiff's Official Personnel File has been requested and will be provided as soon as the OPF is received from archives.

2. Produce all documents constituting, showing, explaining, or otherwise referring to the personnel file or any other such employment file kept regarding Tina Tabor.

**RESPONSE:**

Objection. This Request is overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this information falls within the guidelines and protections of the Privacy Act. However Tabor's OPF has been requested and will be provided as soon as the OPF is received from archives, subject to an appropriate Confidentiality Agreement/Protective Order.

3. Produce all documents constituting, showing, explaining, or otherwise referring to the personnel file or any other such employment file kept regarding Paul Scheer.

**RESPONSE:**

Objection. This Request is overly broad and not reasonably calculated to lead to the discovery of relevant information. Furthermore, this information falls within the guidelines and protections of the Privacy Act. However Tabor's OPF has been requested and will be provided as soon as the OPF is received from archives, subject to the conditions of an appropriate Confidentiality Agreement/Protective Order.

4. Produce all documents constituting, showing, explaining, or otherwise referring to the personnel file or any other such employment file kept regarding Anthony Ratliff.

**RESPONSE:**

Objection. This Request is overly broad and not reasonably calculated to lead to the discovery of relevant information. Furthermore, this information falls within the guidelines and protections of the Privacy Act. However Ratliff's OPF has been requested and will be provided as soon as the OPF is received from archives, subject to the conditions of an appropriate Confidentiality Agreement/Protective Order.

5. Produce all documents constituting, showing, explaining, or otherwise referring to the personnel file or any other such employment file kept regarding all other persons identified in response to Plaintiff's Interrogatory # 6.

**RESPONSE:**

Objection. This Request is overly broad and not reasonably calculated to lead to the discovery of relevant information. Furthermore, this information falls within the guidelines and protections of the Privacy Act. See Responses to 2, 3 & 4.

6. Produce all documents constituting, showing, explaining, or otherwise referring to Defendant's response to Interrogatory #5.

**RESPONSE:**

This documentation was provided to plaintiff in the EEO Report of Investigation. See attached Notice of Removal dated July 12, 2000.

7. Produce all documents constituting, showing, explaining, or otherwise referring to any discipline, verbal or otherwise, regarding Plaintiff.

**RESPONSE:**

See attached Notice of Removal dated July 12, 2000.

10

8. Produce all documents constituting, showing, explaining, or otherwise referring to any discipline, verbal or otherwise, regarding Tina Tabor.

**RESPONSE:**

Without waiving objection Tabor's OPF has been requested and the relevant information will be provided as soon as the OPF is received from archives, subject to the conditions of an appropriate Confidentiality Agreement.

9. Produce all documents constituting, showing, explaining, or otherwise referring to any discipline, verbal or otherwise, regarding Paul Scheer.

**RESPONSE:**

Without waiving objection, Sheer's OPF has been requested and the relevant information will be provided as soon as the OPF is received from archives, subject to the conditions of an appropriate Confidentiality Agreement.

10. Produce all documents constituting, showing, explaining, or otherwise referring to any discipline, verbal or otherwise, regarding Anthony Ratliff.

**RESPONSE:**

Without waiving objection, Ratliff's OPF has been requested and the relevant information will be provided as soon as the OPF is received from archives, subject to the conditions of an appropriate Confidentiality Agreement.

11. Produce all documents constituting, showing, explaining, or otherwise referring to any discipline, verbal or otherwise, regarding all other persons identified in response to Plaintiff's Interrogatory # 6.

**RESPONSE:**

See response to Interrogatory No. 6.

12. Produce all documents constituting, showing, explaining, or otherwise referring to any document or other evidence that you expect to offer as an exhibit at either trial or deposition.

**RESPONSE:**

Defendant has not yet made a determination as to what Exhibit(s) it will use at trial or deposition.

13. Produce all documents constituting, showing, explaining, or otherwise referring to any company handbook, collective bargaining agreement, work rules, policies, procedures, that applied to Plaintiff while she was employed by Defendant.

**RESPONSE:**

Objection. This Request is overly broad and not reasonably calculated to lead to the discovery of relevant information. Without waiver of objection, please see the Postal Service's Employee and Labor Relations Manual, which can be accessed via the World Wide Web at www.usps.com/cpim/manuals/elm/elm.htm

14. Produce all documents constituting, showing, explaining, or otherwise referring to Defendant's response to Interrogatory #10.

**RESPONSE:**

This documentation was provided to plaintiff in the EEO Report of Investigation. See attached Statements and Notes of Testimony from EEOC Case No. 220-A1-5255X hearing held ion July 17, 2002.

15. Produce all documents constituting, showing, explaining, or otherwise referring to Defendant's response to Interrogatory #11.

**RESPONSE:**

See above Response to 12.

16. Produce all documents constituting, showing, explaining, or otherwise referring to any correspondence, written or electronic (including but not limited to email, private messages, etc) from any agent or employee of Defendant to any other agent or employee of Defendant regarding Plaintiff:

**RESPONSE:**

This documentation was provided to plaintiff in the EEO Report of Investigation. See attached Statements and Notes of Testimony from EEOC Case No. 220-A1-5255X hearing held on July 17, 2002.

17. Produce all documents constituting, showing, explaining, or otherwise referring to any correspondence, written or electronic (including but not limited to email, private messages, etc) from any agent or employee of Defendant to any other agent or employee of Defendant regarding Tina Tabor.

**RESPONSE:**

This documentation was provided to plaintiff in the EEO Report of Investigation. See attached documents.

18. Produce all documents constituting, showing, explaining, or otherwise referring to any correspondence, written or electronic (including but not limited to email, private messages, etc) from any agent or employee of Defendant to any other agent or employee of Defendant regarding Paul Scheer.

**RESPONSE:**

This documentation was provided to plaintiff in the EEO Report of Investigation. See attached documents.

19. Produce all documents constituting, showing, explaining, or otherwise referring to any correspondence, written or electronic (including, but not limited to, email, private messages, etc) from any agent or employee of Defendant to any other agent or employee of Defendant regarding Anthony Ratliff.

**RESPONSE:**

This documentation was provided to plaintiff in the EEO Report of Investigation. See attached documents.

20. Produce all documents constituting, showing, explaining, or otherwise referring to any correspondence, written or electronic (including, but not limited to, email, private messages, etc) from any agent or employee of Defendant to any other agent or employee of Defendant regarding all other persons identified in response to Plaintiff's Interrogatory #6.

**RESPONSE:**

This documentation was provided to plaintiff in the EEO Report of Investigation. See attached documents.

13

21. Produce all documents constituting, showing, explaining, or otherwise referring to any written statements obtained from any persons which relates to the claims or defenses of this action.

**RESPONSE:**

This documentation was provided to plaintiff in the EEO Report of Investigation. See attached Statements and Notes of Testimony from EEOC Case No. 220-A1-5255X hearing held on July 17, 2002.

22. Produce all documents constituting, showing, explaining, or otherwise referring to Defendant's response to Interrogatory #14.

**RESPONSE:**

See response to Plaintiff's Interrogatory No. 14.

Respectfully submitted,

GREGORY G. LOCKHART
United States Attorney

CHRISTOPHER R. YATES (0064776)
Assistant United States Attorney
Attorney for Defendant
303 Marconi Boulevard
Suite 200
Columbus, Ohio 43215
(614) 469-5715
Fax: (614) 469-5240
Christopher.Yates @usdoj.gov

14

## CERTIFICATE OF SERVICE

I certify that a copy of this document was sent by first class mail on the 15th day of March, 2005 to Nicholas E. Kennedy, Esq., Kennedy & Knoll, 98 Hamilton Park, Columbus, Ohio 43203.

                                                                          _____
                                                                          Christopher R. Yates
                                                                          Assistant United States Attorney