**INFORMATION COPY**
**MANDATE NOT YET ISSUED** NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
DIS. CT. # *04-556*

06-4174

**FILED**

MAY 0 7 2007

**LEONARD GREEN, Clerk**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

KATHY FOUSE,                                )
                                            )
    Plaintiff-Appellant,                    )
                                            )
v.                                          )    ON APPEAL FROM THE UNITED
                                            )    STATES DISTRICT COURT FOR THE
JOHN E. POTTER, Postmaster General,         )    SOUTHERN DISTRICT OF OHIO
United States Postal Service,               )
                                            )
    Defendant-Appellee.                     )

Before: DAUGHTREY and GIBBONS, Circuit Judges, and SCHWARZER,* District
Judge.

PER CURIAM. The plaintiff, Kathy Fouse, brought this Title VII action against her

employer, defendant Postmaster John E. Potter, claiming that her termination from her

position as a transitional worker for the United States Postal Service (USPS) was based

on race discrimination, in violation of 42 U.S.C. §§ 2000e–2000e-17. She appeals the

district court's grant of summary judgment to the defendant, contending that the court erred

in concluding that she had failed to establish a *prima facie* case of race discrimination. We

find no reversible error and affirm.

---

    *The Hon. William W Schwarzer, United States District Judge for the Northern District of California,
sitting by designation.

06-4174
*Fouse v. Potter*

Fouse, an African-American, was employed by the USPS as a transitional worker. Her termination from employment came about as the result of a collision between the vehicle she was driving on her delivery route and a telephone pole. Fouse called the West Worthington station and informed a supervisor, Tracy Blackwell, that she had had a "mishap" with her vehicle and was unable to shut the door. Fouse returned to the station and showed the vehicle to Blackwell, who was surprised to see that the door was not merely stuck but could not be operated because of damage from a collision. After completing her delivery route that day in another vehicle, Fouse was transferred to a different position within the post office facility.

Shortly thereafter, Fouse was terminated for "failure to report the accident," in violation of USPS policy, which requires that when an accident occurs, the employee must report the accident immediately and remain at the scene to enable her supervisors to conduct a proper investigation. Because Fouse did not follow the policy, her supervisors believed that she was trying to "cover up" the accident, and they terminated her employment.

Fouse brought suit in the district court, alleging that her termination was the result of racial discrimination in violation of Title VII. The defendant contended in response that Fouse was terminated not because of discrimination but because she violated USPS policy. In granting the defendant's motion for summary judgment, the district court held that Fouse could not establish a *prima facie* case of race discrimination. The court also

- 2 -

*06-4174*
*Fouse v. Potter*

held that even if the plaintiff could establish a *prima facie* case, the defendant had

articulated legitimate, nondiscriminatory reasons for terminating her employment that

Fouse could not prove were pretextual. *See Fouse v. Potter*, No. C-2-04-556, 2006 WL

1447481, at *4-*5 (S.D. Ohio May 23, 2006).

To establish a *prima facie* case of race discrimination, the plaintiff must show that

(1) she is a member of a protected class, (2) the defendant subjected her to an adverse

employment decision, (3) she was qualified for the position, and (4) similarly situated

employees outside the protected class were treated more favorably. *See Clayton v. Meijer,*

*Inc.*, 281 F.3d 605, 610 (6th Cir. 2002). There is no dispute that Fouse satisfies the first

three elements of a *prima facie* case, but the district court held that the plaintiff had not

made out the fourth and final prong.

Before the district court, the plaintiff argued that Tina Tabor, a white female mail

carrier at the West Worthington branch, was a similarly-situated employee who received

more favorable treatment because she was not terminated after failing to report an

accident in which her vehicle hit a postal customer's garbage can. In order to qualify as

"similarly-situated," the plaintiff and the colleague with whom she seeks to compare herself

"must have dealt with the same supervisor, have been subject to the same standards and

have engaged in the same conduct without such differentiating or mitigating circumstances

that would distinguish their conduct or the employer's treatment of them for it." *Mitchell v.*

*Toledo Hospital*, 964 F.2d 577, 583 (6th Cir. 1992). According to Fouse, she and Tabor

- 3 -

*06-4174*
*Fouse v. Potter*

both worked as mail carriers at the West Worthington branch, were supervised by the same people, and were involved in accidents while driving their routes that were not reported to a supervisor.

However, as the district court emphasized, the women were not subject to the same disciplinary standards. As a part-time flexible employee, Tabor was part of the career work force, while Fouse was part of the transitional work force. Transitional employees like Fouse could be terminated for just cause on a first offense, but career employees like Tabor were protected by the requirement of "progressive discipline." Under progressive discipline, management must issue lesser discipline for a first offense and mete out increasingly severe discipline for succeeding offenses. As a result, Tabor could not be fired based on her accident, but Fouse could be and was terminated as a result of hers. Because Tabor and Fouse were subject to different disciplinary standards, the district court correctly held that they were not similarly situated and, thus, that the plaintiff failed to establish a *prima facie* case of discrimination.

The district court also held that even if Fouse could establish a *prima facie* case of discrimination, the defendant had articulated legitimate, non-discriminatory reasons for terminating her employment, including violation of USPS driving policy and failure to report an accident. The plaintiff argued that these reasons were merely pretext for discrimination, lacking both truth and fairness.

- 4 -

*06-4174*
*Fouse v. Potter*

When examining reasons offered by employers for terminating employees, the Sixth Circuit has adopted the "honest belief" rule. *See Smith v. Chrysler Corp.*, 155 F.3d 799, 806 (6th Cir. 1998).   Under this rule, "so long as the employer honestly believed in the proffered reason given for its employment action, the employee cannot establish pretext even if the employer's reason is ultimately found to be mistaken, foolish, trivial, or baseless." *Id.*  An employer has an honest belief in its non-discriminatory reason when it "reasonabl[y] reli[es] on the particularized facts that were before it at the time the decision was made." *Id.* at 807.

Applying the "honest belief" rule, the district court found that Fouse's supervisors had reached the conclusion that her failure to report her accident amounted to an attempt to cover it up.  Even if the supervisors were actually wrong, we are convinced by the record before us that they terminated Fouse's employment based on an honest belief, not because of discrimination.  Therefore, as the district court observed, even if the plaintiff could establish a *prima facie* case of race discrimination, she could not prove that the defendant's reasons for terminating her employment were pretextual.

For the reasons set out above, we AFFIRM the judgment of the district court.